UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02477-RGK-DFM | Date | January 11, 2024 |
|---|---|---|---|
| Title | *Fareen Azmi v. General Motors LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]**

On November 15, 2023, Fareen Azmi ("Plaintiff") filed a Complaint against General Motors, LLC ("Defendant") in Orange County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790, *et seq.*) and other related claims. Plaintiffs' allegations arise from Plaintiff's purchase of a 2020 Chevrolet Volt vehicle (the "Vehicle") manufactured by Defendant. On December 28, 2023, Defendant timely removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-02477-RGK-DFM | Date | January 11, 2024 |
|---|---|---|---|
| Title | *Fareen Azmi v. General Motors LLC et al* | | |

Plaintiff seeks replacement or restitution for all money paid, civil penalties, and attorneys' fees, among other remedies under the Song-Beverly Act. In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. According to Defendant, the value of the Vehicle, which it estimates is $38,371, combined with the civil penalties and attorneys' fees Plaintiffs seek exceeds $75,000.

Defendant, however, fails to plausibly allege that the amount in controversy exceeds $75,000. While civil penalties and attorneys' fees are available for willful failure to comply with the Act, Defendant has not offered any evidence to support such an award and the Court declines to speculate as to what this award might be. Additionally, Defendant estimates the Vehicle's value based on the "suggested retail price of vehicles that are the same year, make, and model." This figure, however, is not indicative of the present Vehicle's condition, which could significantly change its value.

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **fourteen days of this Order's issuance.**

**IT IS SO ORDERED.**

|   | : |   |
|---|---|---|
| Initials of Preparer | | JRE/ak |